Filed 11/8/21  P. v. Brown CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　v.<br><br>ANDRE WILLIAM BROWN,<br><br>　　Defendant and Appellant. | D078975<br><br><br><br>(Super. Ct. No. SCD207315) |

APPEAL from an order of the Superior Court of San Diego County, Robert F. O'Neill, Judge.  Reversed and remanded with directions.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Julie L. Garland, Assistant Attorney General, Steve Oetting and Anthony Da Silva, Deputy Attorneys General, for Plaintiff and Respondent.

In 2008, Andre William Brown pleaded guilty to second degree murder (Pen. Code,[1] § 187, subd. (a)) and admitted the killing was for the benefit of a

---

[1]    All further statutory references are to the Penal Code.

criminal street gang (§ 186.22, subd. (b)(1)(C)). Brown also admitted a prior serious felony conviction (§ 667, subd. (a)(1)). Brown was sentenced to an indeterminate term of 15 years to life plus five years for the prior conviction.

In 2019, Brown filed a pro. per. petition for resentencing under section 1170.95. The trial court appointed counsel, received briefing, reviewed the record of conviction, and denied the petition by written order. The record does not contain any evidentiary hearings but does contain the change of plea form filed in 2008. In that form, Brown stated that he "along with [codefendant] Williams committed this unlawful killing of Gregory Harper with malice, and further did so in association with a criminal street gang."

In its order denying the petition for resentencing, the trial court found that the admission that Brown acted with malice in the 2008 plea rendered him ineligible for resentencing under Senate Bill No. 1437 (Stats. 2018, ch. 1015) (Senate Bill 1437) and section 1170.95. Accordingly, the court denied the petition without issuing an order to show cause (OSC) or holding an evidentiary hearing.

Brown filed a timely notice of appeal.

Brown contends the trial court erred in finding him ineligible for resentencing without issuing an OSC and conducting an evidentiary hearing. He argues the 2008 admission that he acted with malice does not mean he is ineligible for relief. Brown notes that malice liability for murder in 2008, could be based on aiding and abetting under the natural and probable consequences doctrine or the felony murder rule, which would not be a valid basis for imputing malice under Senate Bill 1437's amendments. We agree

2

with Brown and will reverse and remand for an appropriate evidentiary hearing.[2]

## DISCUSSION

Senate Bill 1437 (Stats. 2018, ch. 1015) was enacted to " 'amend[ ] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' " (*People v. Gentile* (2020) 10 Cal.5th 830, 842 (*Gentile*).)

Section 1170.95, subdivision (c) provides: "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor's response is served. These deadlines shall be extended for good cause. If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."

When a trial court reviews a petition for resentencing, the court first determines if the petitioner has shown a prima facie case for relief under the statute. If so, the court must issue an OSC and hold an evidentiary hearing on the petition. (*People v. Lewis* (2021) 11 Cal.5th 952, 962 (*Lewis*).) However, the court may deny the petition if the person is ineligible as a matter of law. (*People v. Drayton* (2020) 47 Cal.App.5th 965, 980-981.) The

---

[2] The record does not include any evidentiary hearings; therefore, we will omit a statement of facts.

3

court may review the record of conviction, including any prior appellate opinion, to determine if the petitioner's allegations are rebutted by the record. (*Lewis*, at p. 972.) However, the court may not engage in factfinding and weighing credibility at the prima facie stage of petition review. (*Drayton*, at p. 979.)

In *Lewis*, *supra*, 11 Cal.5th at pages 971-972, the court directed trial courts, in reviewing petitions at the prima facie stage, to assume the allegations are true. However, the court agreed trial courts could and should review the records of conviction. If the record demonstrates ineligibility without any factfinding, the court could deny a petition without first issuing an OSC.

Here, the denial of the petition is based solely on Brown's 2008 change of plea admission he acted with malice. However, as the court in *Gentile* pointed out, the purpose of Senate Bill 1437 was to modify the definition of malice so as to avoid imputing murder liability to persons who were not the actual killers, or direct aiders and abettors who acted with the intention to kill, or were major participants in the underlying felony and acted with reckless disregard for human life. (*Gentile*, *supra*, 10 Cal.5th at p. 842.) Thus, the definitions of malice in 2008 are significantly different from the current definitions. Brown alleges that he could not be convicted today in light of the changes in the definitions of malice. Under *Lewis*, the court was obligated to accept the allegation as true at the prima facie stage of review, unless rebutted by the record of conviction.

There is no transcript of the 2008 plea. All we have is the bare statement in the change of plea form. We do not know, based upon this record, whether Brown's participation in the events surrounding this killing would warrant a finding of malice under current law. Accordingly, we must

4

reverse the trial court's denial of Brown's petition and remand for further proceedings.

## DISPOSITION

The order denying Brown's petition for resentencing is reversed. The case is remanded to the superior court with directions to issue an OSC and conduct an evidentiary hearing as required by section 1170.95.


HUFFMAN, Acting P. J.

WE CONCUR:


AARON, J.


GUERRERO, J.